```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                    BLUEFIELD DIVISION
```

**UNITED STATES OF AMERICA**

v.                              Criminal Case No.:  1:03-00115

**VICTOR DUANE HELM**


### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to expunge his criminal record.  See ECF No. 5.  In a case from the Northern District of West Virginia, Judge Stamp discussed a district court's authority to expunge a federal conviction.  See United States v. Bowen, Criminal Action No. 5:92CR174 (STAMP), 2015 WL 2144012 (N.D.W. Va. May 7, 2015).  Judge Stamp concluded that the court was without jurisdiction to entertain the motion to expunge because (1) "no federal statute or regulation generally provides for expungement of a federal offense[;]" and (2) federal courts do not have ancillary jurisdiction to expunge federal criminal convictions.  Id. at *1 and 4.  In so doing, the Bowen court relied on a case from the Eastern District of Virginia, United States v. Mitchell, 683 F. Supp. 2d 427 (E.D. Va. 2010).  The court finds the decisions in Bowen and Mitchell persuasive and, for the reasons cited in those authorities, defendant's motion to expunge is **DENIED** as this court does not have jurisdiction to grant the requested relief.  See also United States v. James, Criminal Action No. 1:02CR36-6, 2017 WL 3841885, *3 (N.D.W. Va. Sept. 1, 2017) ("[t]hat every circuit court to have addressed

this issue post-Kokkonen has concluded that no ancillary jurisdiction exists to hear a request for equitable expungement of an arrest following conviction or acquittal persuades this Court that it lacks jurisdiction to grant equitable expungement."). Furthermore, even if the court did possess the requisite jurisdiction, Mr. Helm does not present "extreme or exceptional circumstances", Allen v. Webster, 742 F.2d 153, 155 (4th Cir. 1984), which would justify expungement. See James, 2017 WL 3841885, at *3.[*]

    The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to defendant.

    It is SO ORDERED this 7th day of July, 2020.

                                      ENTER:

                                      David A. Faber
                                      Senior United States District Judge

---

[*] The court notes that defendant was convicted and sentenced in the United States District Court for the Western District of Virginia. Jurisdiction over his term of supervised release was transferred to this court, pursuant to 18 U.S.C. § 3605. Therefore, even if a district court did possess jurisdiction to expunge a criminal conviction, this would not be the proper court to entertain defendant's motion.